## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CARY DEPAOLO,         ) | |
|          ) | |
|        Plaintiff,    ) | |
|          ) | |
| v.          ) | Docket No. 2:16-cv-468-NT |
|          ) | |
| OCEAN PROPERTIES LTD, GHM   ) | |
| PORTLAND MAR, LLC, d/b/a    ) | |
| PORTLAND MARRIOTT AT SABLE  ) | |
| OAKS,         ) | |
|          ) | |
|       Defendants.   ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before me is the Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 12). For the reasons stated below, the motion is **DENIED**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion, the court must "construe all factual allegations in the light most favorable to the non-moving party to determine if there exists a plausible claim upon which relief may be granted." *Flock v. U.S. Dep't of Transp*., 840 F.3d 49, 54 (1st Cir. 2016) (citation omitted). [1]

---

[1]     Defendant Ocean Properties, LTD ("**OPL**") contends that I should analyze its motion as a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. to Dismiss as to Def. OPL 4 ("**Defs.' Mot. to Dismiss**") (ECF No. 12). "Although generally a plaintiff must name a defendant in the proceedings before the EEOC in order to proceed against that defendant in federal court . . . this charging requirement is nonjurisdictional, thus subject to waiver, estoppel and equitable

Ordinarily, a "district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). However, the First Circuit recognizes "exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."[2] *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

## BACKGROUND

Plaintiff Cary DePaolo was employed at the Marriott Hotel in South Portland, Maine for 16 years until his resignation in April of 2015. Compl. ¶ 1 (ECF No. 1). The Defendants in this matter are GHM Portland MAR LLC ("**GHM**") and Ocean Properties, LTD ("**OPL**"). Compl. ¶¶ 2-3. GHM is a limited liability company based

---

tolling." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir. 1996). Accordingly, I analyze the motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Cf. Martínez-Rivera v. Commonwealth of P.R.*, 812 F.3d 69, 77 (1st Cir. 2016) (suggesting that district court should have analyzed exhaustion of ADA claim under Rule 12(b)(6) rather than Rule 12(b)(1)); *Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 46 n.6 (1st Cir. 2005).

[2]    Accordingly, I consider the administrative charge that the Plaintiff filed with the Maine Human Rights Commission ("**MHRC**") and attached to his opposition to the Defendants' motion to dismiss. Pl.'s Ex. 1 (ECF No. 18-1).

The Plaintiff also filed the Portland Marriott's response to the MHRC charge, with an attached exhibit, to his opposition. *See* Pl.'s Exs. 2, 3 (ECF Nos. 18-2, 18-3). These additional documents suggest that OPL was involved in the proceedings at the MHRC and that OPL's human resources department discussed DePaolo with Portland Marriott's human resources department. OPL contends that considering documents beyond "the Complaint and its associated Charge" is improper, but cites no supporting authority. Because the Plaintiff's claims survive irrespective of these documents, I need not resolve this dispute.

in South Portland, Maine, and OPL is a Delaware corporation that owns and operates over 100 hotels throughout North America. Compl. ¶¶ 2-3. The Portland Marriott at Sable Oaks is one of the hotels that OPL owns and operates. Compl. ¶ 2.

In September of 2015, DePaolo filed a pro se complaint with the Maine Human Rights Commission ("**MHRC**"), naming "Portland Marriott" as his employer. Pl.'s Ex. 1 (ECF No. 18-1). On September 15, 2016, DePaolo brought suit against both GHM and OPL alleging violations of federal and state law. In Count One, DePaolo asserts claims for discrimination, hostile work environment, and retaliation under the Maine Human Rights Act ("**MHRA**"), Americans with Disabilities Act ("**ADA**"), and Maine Whistleblowers Protection Act ("**MWPA**"). Count Two asserts claims for interference and retaliation under the Family Medical Leave Act ("**FMLA**"). This motion to dismiss followed.

## DISCUSSION

OPL argues that Count One must be dismissed because the Plaintiff did not name OPL as a respondent in his administrative charge. Defs.' Mot. to Dismiss as to Def. OPL 4 ("**Defs.' Mot. to Dismiss**") (ECF No. 12). In order to bring an action under the ADA, an employee must first exhaust his administrative remedies. *See Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999) ("We hold that the ADA mandates compliance with the administrative procedures specified under Title VII . . . , and that, absent special circumstances . . . such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA."). This requirement provides "notice to both the employer and the

agency of an alleged violation and affords an opportunity to swiftly and informally take any corrective action necessary to reconcile the violation." *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 31 (1st Cir. 2009).

Pursuant to Title VII, which applies to claims brought under Title I of the ADA, a plaintiff "may not maintain a suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance." *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 504 (1st Cir. 1996). But as is the case with most general rules, there are exceptions. *Id*. The parties' briefing focuses on the identity of interest exception. Although the parties have not cited a First Circuit case addressing this exception, lower courts within this Circuit commonly follow the Third Circuit's four-part test to determine whether an identity of interest exists between the named and the unnamed party. *See, e.g., Ashley v. Paramount Hotel Grp., Inc.,* 451 F. Supp. 2d 319, 327-28 (D.R.I. 2006). Relevant considerations include:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977) (cited in *McKinnon*, 83 F.3d at 504). The *Glus* test is a fact-intensive inquiry. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 485 n.16 (5th Cir. 2014).

4

OPL contends that the Plaintiff has failed to "allege any facts to show that an 'identity of interest' exists between the two entities" and cites non-binding cases where courts dismissed claims under similar circumstances. Defs.' Mot. to Dismiss 5-7; *see also* Defs.' Reply 2-4 (ECF No. 20). The Plaintiff has alleged that OPL is the parent company of GHM and that, through its subsidiaries, OPL owns and operates the Portland Marriott at Sable Oaks where he was employed for sixteen years. Compl. ¶¶ 1, 2. At this early stage, the Plaintiff's allegations are sufficient. Whether the identity of interest exception applies requires a more developed factual record than I have before me and is better suited for resolution at summary judgment. *See, e.g., Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (reversing district court for dismissing Title VII claim on exhaustion grounds and noting that "discovery is necessary before it may be determined whether Defendants have a 'clear identity of interest' with the party named in Plaintiff's EEOC charge"); *see also Lewis v. Livingston Cty. Ctr. for Nursing & Rehab*., 30 F. Supp. 3d 196, 206 (W.D.N.Y. 2014) ("When it is unclear whether the identity of interest exception applies, courts routinely permit the unnamed parties to proceed as defendants in the action.").

As for the Plaintiff's state law claims, OPL contends that "[t]he doctrine of exhaustion of remedies is equally applicable to claims under the Maine Human Rights Act." Defs.' Mot. to Dismiss 4. To the contrary, "the Maine Law Court has never read an exhaustion provision into" the MHRA. *Flood v. Bank of Am. Corp*., No. 12-105-GZS, 2012 WL 6111451, at *2 (D. Me. Dec. 10, 2012). The failure to properly

5

exhaust claims under the MHRA prevents claimants from recovering damages and attorney's fees,[3] but the Plaintiff is also seeking an equitable remedy. *See* Compl. ¶ 29. Accordingly, the Plaintiff's state law claims survive.[4]

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' motion to dismiss (ECF No. 12).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 31st day of January, 2017.

---

[3]      *See* 5 M.R.S.A. § 4622(1) (prohibiting a plaintiff from recovering attorney's fees and damages unless the plaintiff first files charge with the MHRC); *see also Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20-21 (1st Cir. 2001) (interpreting § 4622).

[4]      OPL also contends that Counts One and Two should be dismissed because the "Plaintiff has not alleged facts sufficient to show that OPL should be held liable as his employer." Defs.' Mot. to Dismiss 8. OPL cites to the MWPA and the FMLA to show that these statutes only apply to employers, but it does not discuss the ADA or MHRA. Defs.' Mot. to Dismiss 8. And OPL does not cite any supporting case law dismissing similar claims on this basis. Without a more developed argument from OPL, I will not address this argument.