UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CARY DEPAOLO,                        )
                                     )
        Plaintiff                    )
v.                                   )  No. 2:16-cv-00468-NT
                                     )
GHM PORTLAND MAR, LLC, d/b/a         )
PORTLAND MARRIOTT                    )
AT SABLE OAKS,                       )
                                     )
        Defendant                    )


*MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S EXPERT*[1]

In the wake of my denial of an oral discovery motion by defendant GHM Portland Mar, LLC, d/b/a Portland Marriott at Sable Oaks ("GHM") to strike plaintiff Cary DePaolo's expert witness designation as insufficient under Federal Rule of Civil Procedure 26(a)(2)(B), DePaolo has now orally moved to strike GHM's expert witness designation on the same ground. I deny DePaolo's motion, with reference to today's decisions explaining my ruling denying GHM's motion to strike ("*DePaolo I*") and granting the plaintiff's motion to exclude the testimony of defendant's expert witness in *Downing v. Select Rehab., Inc.*, No. 2:16-cv-00552-GZS (D. Me.).

## I. Applicable Legal Standard

Federal Rule of Civil Procedure 26 provides, in relevant part, that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence[.]" Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence

---

[1] DePaolo sued Ocean Properties, LTD. ("OPL") as well as GHM. *See* Complaint and Jury Trial Demand ("Complaint") (ECF No. 1). However, on August 29, 2017, he filed a stipulation of the dismissal of his claims against OPL. *See* ECF No. 35. Therefore, I refer to the defendant/defendants as "GHM," even when describing events that occurred prior to the dismissal of OPL.

1

that the court orders." *Id*. at (a)(2)(D). Both Rule 26(a)(2)(B) and the court's scheduling order provide that, if an expert witness is retained or specially employed to provide testimony in the case, or is a party's employee whose duties regularly involve giving expert testimony, the disclosure must contain six categories of information, although, pursuant to the court's scheduling order, that information need not be provided in the form of a written report prepared and signed by the expert. *See id*. at (a)(2)(B); Scheduling Order (ECF No. 23) at [2].

The six categories of information required to be disclosed include: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them;" and "(ii) the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. (a)(2)(B)(i)-(ii).

Rule 26 also states:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The movant bears the burden of demonstrating that a late and/or insufficient expert designation is either substantially justified or harmless. *See, e.g., United States Bank Nat'l Ass'n v. James*, Civil No. 09-84-P-JHR, 2010 WL 1416126, at *6 (D. Me. Apr. 5, 2010).

"The baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Harriman v. Hancock Cty.*, 627 F.3d 22, 29 (1st Cir. 2010) (citations and internal punctuation omitted). However, the court retains discretion to impose other sanctions in lieu of,

or in addition to, mandatory preclusion. *See* Fed. R. Civ. P. 37(c)(1); *see also, e.g., Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77-78 (1st Cir. 2009) ("Preclusion . . . is not a strictly mechanical exercise. And, in its discretion, the district court may choose a less severe sanction. Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects – e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.") (citations and some internal quotation marks omitted).

## II. Factual Background

DePaolo, a former longtime employee of the Marriott Hotel in South Portland, filed suit on September 15, 2016, alleging that after he was diagnosed with lymphoma in late 2013 and began chemotherapy treatment in January 2014, the hotel's General Manager, Edward Palmer, became increasingly hostile toward him, refused to make reasonable accommodations for his disability, and began to verbally abuse and berate him, triggering symptoms of post-traumatic stress disorder ("PTSD") with which DePaolo had been diagnosed in 1972 in connection with his military service. Complaint ¶¶ 1, 7-15.

DePaolo alleges that he complained on several occasions to the Human Resources Manager, but that no action was taken. *See id*. ¶ 16. He adds that, as a result of the ongoing verbal abuse and refusals to accommodate, his PTSD worsened to the point that he took an approved extended medical leave of absence in January 2015 pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. *See id*. ¶¶ 18-20. He alleges that, despite knowing that he was out on approved FMLA leave, Palmer informed him that if he wished to return, he could no

3

longer be Chief Engineer and would receive a reduction in pay. *See id.* ¶ 21. On April 13, 2015, on his doctor's advice that returning to work after the expiration of his leave would be dangerous to his health, DePaolo gave notice that he could not and would not return to work. *See id.* ¶¶ 23-25.

DePaolo sues GHM for disability discrimination, retaliation, and the creation of a hostile work environment in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 831 *et seq.* (Count I), and for interference with his rights pursuant to the FMLA and retaliation against him for taking leave, in violation of the FMLA (Count II). *See id.* ¶¶ 26-33.

In a scheduling order issued on February 15, 2017, the court set deadlines of May 2, 2017, for the plaintiff's designation of experts, June 6, 2017, for the defendant's designation of experts, and July 5, 2017, for the close of discovery. *See* Scheduling Order at [2].

On May 2, 2017, DePaolo served GHM the written expert designation of Carlyle B. Voss, M.D., a board-certified psychiatrist, disclosing that he intended to present Dr. Voss's testimony to support his "claims that Defendants' acts and omissions caused him to suffer psychological injury, including but not limited to severe emotional distress."[2]

On June 20, 2017, DePaolo served GHM a 22-page supplemental report of Dr. Voss, completed after Dr. Voss had examined DePaolo and reviewed his medical records. The supplemental report was served prior to GHM's deposition of DePaolo on June 22, 2017, during which he was examined regarding that report.

---

[2] I have relied, in setting forth many of the remaining facts, on letters of counsel and copies of expert designations and reports and other materials that, in keeping with this court's practice in resolving discovery disputes pursuant to Local Rule 26(b), were emailed to chambers rather than filed on the court's docket, CM-ECF.

GHR sought to strike the Voss designation on the bases that the initial designation was deficient pursuant to Rule 26(a)(2)(B) and that the supplemental Voss report was untimely and prejudicial. As discussed in *DePaolo I*, during an earlier telephonic hearing, I denied GHM's oral motion to strike DePaolo's designation of Dr. Voss, provided GHM the opportunity to re-depose DePaolo for a period of up to two hours, and extended GHM's deadline to designate experts to August 10, 2017, and the discovery deadline to August 31, 2017. The parties scheduled DePaolo's continued deposition for August 30, 2017, and that of Dr. Voss for August 31, 2017.

On August 8, 2017, GHM's counsel emailed DePaolo's counsel seeking consent to a motion to extend deadlines because GHM had only been able to finalize the engagement of its expert the prior week and did not see how he would be able to finish his review of DePaolo's voluminous medical records and prepare his report by August 10, 2017. She also sought DePaolo's consent to undergo an independent medical examination by GHM's expert witness. DePaolo's counsel swiftly replied that his client would not consent either to the deadline extensions or to the medical examination.

GHM then timely served on DePaolo, on August 10, 2017, its designation of Fabian M. Saleh, M.D., an assistant clinical professor at Harvard Medical School who is board-certified in forensic psychiatry, as its expert witness. GHM indicated that Dr. Saleh had completed a review of the more than 2,000 pages of DePaolo's medical records with which he had been provided, as well as of the initial designation and supplemental report of Dr. Voss, and that he "may supplement this designation with a detailed report expressing his opinions regarding the discrepancies in Plaintiff's testimony, the Plaintiff's medical records, and Dr. Voss's expert report, after the forthcoming deposition of Plaintiff and Plaintiff's expert."

GHM stated:

5

> It is the preliminary conclusion of Dr. Saleh that the alleged pre-existing PTSD that Plaintiff claims he suffers from was not exacerbated by the alleged conduct of his supervisor, Mr. Palmer. Instead, any exacerbation of Plaintiff's PTSD, to the extent it occurred, was likely the result of a variety of factors and events occurring in Plaintiff's life at that time, including the failure of his marriage; his unwanted co-habitation with his daughter, her boyfriend, and her boyfriend's brother; his financial troubles; his lymphoma diagnosis and treatment; and his admitted, ongoing substance abuse issues. Dr. Voss's report also fails to consider or properly analyze several other lifestyle factors that likely affected the alleged worsening of Plaintiff's psychological condition.
>
> Dr. Saleh will further testify that Dr. Voss's expert report was deficient in several aspects, including his failure to properly incorporate co-existing factors and their [e]ffect on any pre-existing condition of Plaintiff into his ultimate opinion. It was also Dr. Saleh's preliminary opinion that Dr. Voss's report also fails to consider or properly analyze several other lifestyle/medical factors that likely affected the alleged worsening of Plaintiff's psychological condition.

GHM provided another two-and-a-half pages of detail concerning Dr. Saleh's conclusions and reasons therefor, pointing to facts gleaned from DePaolo's medical records and Dr. Voss's initial designation and supplemental report. For example, GHM noted:

> From a preliminary review, there also appear to be certain anachronisms within Dr. Voss's report regarding his examination of Plaintiff. During the examination, Plaintiff characterized Mr. Palmer as critical only after his lymphoma diagnosis. However, in his deposition testimony, DePaolo could not recall exactly when the face-to-face confrontation with Palmer occurred. This is indicative of Dr. Voss's failure to place appropriate emphasis in establishing a timeline to attribute Mr. Palmer's alleged conduct to the worsening symptoms of Plaintiff's PTSD, which significantly hampers the report's reliability.

On August 21, 2017, DePaolo's counsel emailed GHM's counsel to place GHM on notice that DePaolo considered the Saleh designation deficient pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(iii) for failure to provide a complete statement of all of Dr. Saleh's opinions and the basis and reasons therefor or the facts or data considered in forming them or to append any exhibits other than Dr. Saleh's *curriculum vitae* in support of his opinion. DePaolo's counsel also argued that any supplementation of the initial designation by a written report was impermissible because Rule 26, as modified by this court's scheduling order, permits a party to

provide either a written expert report or a complete compliant expert designation as of the expert designation deadline but not to supplement a designation with a written expert report afterward.

## III. Discussion

Treating the parties' discovery dispute as an oral motion by DePaolo to strike GHR's designation of Dr. Saleh pursuant to Rule 37(c)(1), I deny it for the reasons that follow, but extend remaining deadlines in the manner described below.

### 1. Parties' Arguments

At oral argument, DePaolo challenged GHR's representation that the Saleh designation was complete and accurate, pointing out that (i) two days earlier, GHR's counsel had stated that she did not see how GHR's newly-located expert could complete his review by the deadline, and (ii) the designation indicated in several places that Dr. Saleh had undertaken a "preliminary review" or reached a "preliminary conclusion."

He asserted that Dr. Saleh provided no analysis, or references to data or testimony, to buttress his opinion that Dr. Voss failed to consider a number of factors.

Finally, he objected to the provision of any supplemental report by Dr. Saleh, arguing that it would constitute an impermissible tardy attempt to provide a compliant designation.

GHR contended that the Saleh designation was sufficient and, in fact, was considerably more detailed than the Voss designation that the court declined to strike in *DePaolo I*. It further noted that, unlike Dr. Voss, who stated that he had not yet examined DePaolo or reviewed his medical records, Dr. Saleh had reviewed those medical records as well as the initial Voss designation and supplemental Voss report.[3]

---

[3] GHR stated that it does not intend to contest DePaolo's refusal to undergo an examination by Dr. Saleh. It reserves the right to introduce evidence at trial that DePaolo declined to do so, and DePaolo reserves the right to object to the introduction of that evidence.

GHR represented that the only exhibit that could have been attached to the designation besides Dr. Saleh's *curriculum vitae* was the DePaolo medical records, which had been obtained from DePaolo.

It added that it had not yet decided whether to supplement the designation with an expert report and would not be in a position to do so until after it re-deposes DePaolo and deposes Dr. Voss on August 30-31, 2017. However, it argued that a party may supplement an expert designation at any time should the need arise, a proposition for which it cited *Griffith v. Eastern Me. Med. Ctr.*, 599 F. Supp.2d 59 (D. Me. 2009).

DePaolo distinguished the Saleh designation from the Voss designation found sufficient in *DePaolo I* on the basis that GHR's expert designation deadline had already been extended from June 6, 2017, to August 10, 2017, and GHR had offered no substantial justification for any further delay, a proposition for which he cited *Griffith* and *Fortin v. Town of Wells*, Civil No. 09-179-P-S, 2009 WL 3327200 (D. Me. Oct. 13, 2009). He argued that it would be unreasonable to afford GHR additional time to devise a compliant expert designation or to provide its expert the opportunity to issue a written report to counter the August 31, 2017, deposition testimony of Dr. Voss.

## 2. Analysis

I deny DePaolo's motion to strike the Saleh designation because:

1. I accept the representation of GHR's counsel, as an officer of the court, that Dr. Saleh has reviewed DePaolo's medical records; and,

2. In compliance with Rule 26(a)(2)(B)(i)-(iii), the Saleh designation sets forth a detailed exposition of Dr. Saleh's expected opinions, the bases and reasons therefor, and facts and data considered in forming them, and appends as an exhibit the only document relied on that had

not been produced by DePaolo to GHR. Indeed, the Saleh designation is considerably more detailed than the Voss designation that I found compliant in *DePaolo I* and distinguishable from other cases in which this court has deemed an initial expert designation insufficient pursuant to Rule 26(a)(2)(B). *Compare, e.g., Goldenson v. Steffens*, No. 2:10-CV-440-JAW, 2012 WL 2603143, at *5 (D. Me. July 5, 2012) (initial designation that "effectively was nothing more than a placeholder[,]" with no statement of any opinion that the expert would express when he had sufficient data, insufficient); *Griffith*, 599 F. Supp.2d at 62 (initial designation stating that expert would "opine the approximate value of economic loss to [the plaintiff] due to [the defendants'] acts described in the complaint" clearly insufficient).[4]

I decline to render an advisory ruling on the propriety of any supplemental expert report by Dr. Saleh. GHR has not decided whether it will serve such a supplemental report on DePaolo, and no such report as yet exists. However, I note that GHR's reservation of the right to serve such a report was proper. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"); *Griffith*, 599 F. Supp.2d at 64 ("An expert can always supplement his or her opinions after submitting a report, should the need arise.").

---

[4] GHR's provision of a compliant expert designation by its August 10, 2017, deadline obviates the need to address whether it provided substantial justification for any deficiency, distinguishing it from *Griffith* and *Fortin*. *See Griffith*, 599 F. Supp.2d at 65 ("[T]he plaintiff here had ample time to conduct discovery and to submit her expert reports within the period allotted by the district court and has not advanced any justification for her belated compliance.") (citation and internal quotation marks omitted); *Fortin*, 2009 WL 3327200, at *3 (plaintiff failed to show substantial justification when he supplied no reason for his tardy designation of one expert witness and a poor reason for his incomplete designation of another).

### IV. Amendments to Scheduling Order

In light of the foregoing ruling, and over DePaolo's objection, I extend the parties' August 31, 2017, discovery deadline to October 20, 2017, <u>solely for the limited purposes of</u> (i) permitting GHM to supplement its designation of Dr. Saleh by no later than September 29, 2017, should it choose to do so, and (ii) permitting DePaolo to take Dr. Saleh's deposition by no later than October 20, 2017, should he choose to do so. I extend the parties' Local Rule 56(h) notice deadline to October 25, 2017; their deadline to file dispositive or *Daubert*/*Kumho* motions to November 9, 2017; and place this case on the December 2017 trial list, to be trial-ready on December 4, 2017.

### V. Conclusion

For the foregoing reasons, DePaolo's oral motion to strike the plaintiff's expert, Dr. Saleh, is **DENIED**, and the scheduling order is **AMENDED** in the manner detailed above.

### ***NOTICE***

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.***

Dated this 31st day of August, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

10